IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin White, ) | C/A No. 0:15-528-GRA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Simon Major, *Director*; Daryl F. McGhaney, ) | |
| *Asst. Director/Major Sumter-Lee Regional* ) | |
| *Detention Center*; Lt. McMillian, ) | |
| *Lieutenant/Classification Officer Sumter-Lee* ) | |
| *Regional Detention Center*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Kevin White, a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a detainee at the Sumter-Lee Regional Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

The Complaint alleges that Plaintiff was detained on September 28, 2014 and classified as a "keepaway" inmate due to having co-defendants in the same detention center. (ECF. No. 1 at 4.) This classification resulted in Plaintiff's assignment to the special management unit ("SMU") where he receives only one hour of recreation five days per week and is allegedly denied access to visitation, educational programs, and legal reference books. (Id. at 4-5.) The Complaint asserts that these restrictions constitute punishment and alleges that the defendants have neglected Plaintiff's grievances about these issues. (Id. at 5.) The Complaint further alleges that, because there are no

legal reference books in "lock-up," SMU inmates only receive legal reference materials if they "write a request" for the needed material and pay a copying fee. (Id. at 7.) However, Plaintiff asserts that inmates in the general population of the detention center have direct access to legal books and do not incur such copying fees. (Id.) Plaintiff, who seeks monetary damages and injunctive relief, claims that the defendants' actions contradict jail policies and information distributed in an inmate guide. (Id. at 7-8.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.



Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

    **1.     Due Process Claims**

        **a.     Grievance Process/Policy Violation Claims**

A prisoner has no constitutional right to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."); see also Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").  Moreover, a violation of prison policy does not alone amount to a constitutional violation. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); see also Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").  Therefore, the Complaint's due process claims associated with the defendants' alleged failure to appropriately respond to

Plaintiff's grievances and failure to comply with jail policies or the inmate guide are subject to summary dismissal.

### b. Classification Claims

A prisoner has no constitutional right to any particular custody or security classification, see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prisoners have no constitutionally protected interest in prison classifications or rehabilitative programs), and no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See Olim v. Wakinekona, 461 U.S. 238 (1983); see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.' ") (alterations in original) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).  Further, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. See Sandin v. Conner, 515 U.S. 482 (1995) (holding that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment").  Accordingly, Plaintiff's claims related to his classification as a "keepaway" inmate and SMU housing assignment, without more, do not implicate a protected liberty interest and are subject to summary dismissal.

### 2. Court Access Claim

Inmates "have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  However, to succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim.  See Lewis v. Casey, 518



U.S. 343, 349 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. See Lewis, 518 U.S. at 349; Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access").

The instant Complaint appears to allege a denial of court access by the defendants. However, the Complaint provides no factual allegations to demonstrate that Plaintiff's inability to access legal reference books impeded or negatively impacted any pending legal matter. As such, Plaintiff fails to state a cognizable claim under the First Amendment for denial of court access and this claim is subject to summary dismissal.

### 3.  Equal Protection Claims

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Further, when equal protection challenges arise in the prison context, the level of scrutiny must be adjusted "to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner." Veney v. Wyche, 293 F.3d 726, 732 (4th Cir. 2002).

The instant Complaint alleges that the defendants denied Plaintiff equal protection by imposing harsher restrictions on SMU inmates in relation to visitation and educational opportunities. Plaintiff also complains that SMU inmates must submit a request and pay for copies of legal reference materials when other non-SMU inmates can physically use such books. However, Plaintiff



provides no allegations to show that he was treated differently from any other inmate confined in SMU. Instead, Plaintiff alleges that "no matter the [inmate's] classification the entire [inmate] population" in SMU is subject to restrictions. (ECF No. 1 at 6.) Moreover, to the extent that Plaintiff alleges disparate treatment between SMU inmates and inmates in the general population of the detention center, he still provides no facts to demonstrate that the imposed restrictions on visitation, educational opportunities, and law library access result from intentional or purposeful discrimination. Therefore, Plaintiff's equal protection claims are subject to summary dismissal.

### 4.     Impermissible Punishment

The Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel and unusual punishment, governs cases in which pre-trial detainees allege constitutional violations. Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987). However, the due process rights of a pretrial detainee are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). While a detainee may not be punished prior to the adjudication of guilt, he may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). To establish impermissible punishment, "a detainee must show either 1) an 'expressed intent' to punish or 2) a lack of a reasonable relationship 'to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred.'" Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citations omitted).

The instant Complaint asserts in a conclusory fashion that SMU restrictions on exercise, visitation, educational opportunities, and law library access constitute a form of punishment.



However, the Complaint fails to allege facts demonstrating that the complained of restrictions have been imposed by the defendants with an express intent to punish Plaintiff, nor does the Complaint provide allegations to show that these restrictions lack a reasonable relationship to a legitimate nonpunitive objective. As such, Plaintiff's claims of impermissible punishment are subject to summary dismissal.[1]

### 5.     State law claims

Because the Complaint's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in this action. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

---

[1] The court notes that Plaintiff has no clearly established constitutional right to visitation or participation in an educational program. See Williams v. Ozmint, 716 F.3d 801, 806 (4th Cir. 2013) (noting that there is no clearly established constitutional right to visitation and that, to the extent such a right may exist, it appears to be one which can be restricted); see also Rivera v. Byars, C/A No. 8:12-1443-JMC, 2013 WL 4695637, at *5 (D.S.C. Aug. 30, 2013) (adopting and incorporating report and recommendation holding that an inmate has "no constitutional right to participate in an educational or rehabilitative program"). Further, the Complaint fails to allege or demonstrate that the defendants disregarded any substantial risk of harm to Plaintiff's health or safety, or denied any basic human need such as food, clothing, shelter, or medical care. Accordingly, to the extent Plaintiff complains about the conditions of his confinement, he fails allege that such conditions violate constitutional requirements. See Farmer v. Brennan, 511 U.S. 825, 832 (1970); see also Strickler, 989 F.2d at 1379.



### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 27, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).